PER CURIAM:
Claimant brought this action for vehicle damage which occurred as a result of an encounter with a hole on Route 19 (Robert C. Byrd Drive), southbound between Beckley and Mt. Hope, which road is maintained by respondent in Raleigh County.[1] The Court is of the opinion to make an award in the claim for reasons more fully stated below.
*29 The incident giving rise to this claim occurred on Februaiy 17,1998, at about 11:00 p.m. After work, claimant was taking a friend home, who lived in Beckley. At the time in question, there was minimal traffic flow on the road. The weather that night was clear and the road was diy. Claimant was traveling at about fifty miles per hour; which was the speed limit. After dropping his friend off, he proceeded through a stop light when his vehicle’s passenger-side tire struck a hole. The hole was located on the southbound, far right lane of the four lane highway. The hole was a few inches deep, eight to ten inches wide, and about one foot in length. Claimant had traveled on this portion of Route 19 before, but he had not seen the hole prior to February 17, 1998.
After traveling two to three hundred feet from the hole, claimant stopped and checked his vehicle. The passenger wheel of the claimant’s 1995 Pontiac Tran Sport had burst and the alignment was knocked out of place. The resulting damage to claimant’s vehicle was $171.72. This amount was less than his insurance deductible of five hundred dollars.
Following the accident, claimant reported the road defect to the respondent’s Skelton office.
Respondent acknowledged that it had prior knowledge of the hole in question. On February 9, 1998, respondent’s employees had patched the hole. Cold mix asphalt was u sed t o f ill t he h ole, s ince h ot m ix a sphalt is u navailable dur ing t he w inter. Unfortunately, due to inclement weather, the cold mix had come out of the hole. According to respondent’s daily reports, no further was work done nor were there any further complaints made about this portion of Route 19 until claimant’s accident.
The well established principle of law in West Virginia is that the State is neither an insurer nor a guarantor ofthe safety ofmotorists upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, claimant must prove that respondent had actual or constructive notice. Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985); Harmon vs. Dept. of Highways, 16 Ct. Cl. 127 (1986).
Respondent is well aware of the propensity of cold mix to come out of patched holes, and respondent has a duty to maintain those areas on priority roads in a more diligent manner.
In the present case, the evidence established that respondent knew about the hole in the far right lane of the south bound side of Route 19, which is a priority road. Likewise, respondent’s knowledge of the hole resulted in repair work to the hole in question. The Court is of the opinion that respondent did not take reasonable steps to ensure the safety of those on Route 19, a priority road, and respondent should have been more vigilant. Consequently, there is sufficient evidence ofnegligence to base an award. In view of the foregoing, the Court is the opinion to and does make an award to claimant in the amount of $171.72 for the damages to his vehicle.
*30 Award of $171.72.

 Testimony from the hearing on May 7,1999, indicated that the hole was on the southbound side of Route 19. However, testimony and an observation of a map of West Virginia’s state highways shows that the claimant was actually traveling northbound. Accordingly, the Court takes official notice of this fact.